

**ORDERED in the Southern District of Florida on April 26, 2012.**

_____

**John K. Olson, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
**www.flsb.uscourts.gov**

| | |
|---|---|
| **In re**: | Case No. 11-10064-BKC-JKO |
| Elizabeth T. **Stager,** | Chapter 13 |
| Debtor. _____/ | |
| **In re**: | Case No. 11-13712-BKC-JKO |
| Tiffanie N. **Hamm,** | Chapter 7 |
| Debtor. _____/ | |
| **In re**: | Case No. 11-23100-BKC-JKO |
| Amir & Naila Amir **Naseer,** | Chapter 13 |
| Debtors. _____/ | |
| **In re**: | Case No. 11-23409-BKC-JKO |
| Garry M. **Isabelle,** | Chapter 13 |
| Debtor. _____/ | |

-1-

**In re**:

    Nestor **Rubio,**

        Debtor.
_____/

**In re**:

    Jeffrey **Fye,**

        Debtor.
_____/

Case No. 11-25366-BKC-JKO

Chapter 7

Case No. 11-35898-BKC-JKO

Chapter 7

### ORDER SANCTIONING ATTORNEY

Before the court are six cases in which Johnny Kincaide, Esq. has been debtors' counsel of record. There are three pending motions for sanctions against Mr. Kincaide and three outstanding *sua sponte* orders to show cause directed at Mr. Kincaide. One of the sanctions motions was filed by Chapter 7 Trustee Kenneth A. Welt in the *Rubio* case, two of the sanctions motions were filed by Mr. Kincaide's former clients in the *Hamm* and *Fye* cases, and the three *sua sponte* orders to show cause were entered in the *Stager*, *Naseer*, and *Isabelle* cases.

This is a rare matter where three former clients, three panel trustees (as explained below), and the court have all expressed grave concern regarding the competence and/or *bona fides* of a regular practitioner in this court. For the reasons below, the sanctions motions will be granted, Mr. Kincaide will be ordered to disgorge certain fees not yet disgorged, and Mr. Kincaide will be suspended from practice in this court for a period of time with certain requirements for readmission imposed.

The first *sua sponte* order to show cause against Mr. Kinkaide (in these cases) was entered on August 17, 2011 in the *Stager* case. It set a show-cause hearing for October 12, 2011 to address what appeared to be a persistent pattern of malpractice by Mr. Kincaide which hurt his clients. Based upon the record of the October 12th initial show-cause hearing and the continued November 1, 2012 show-cause hearing, the court entered an order on November 1st placing an interim restriction upon Mr. Kincaide's practice in this court. The interim restriction prohibited Mr. Kincaide from filing new bankruptcy cases but permitted Mr. Kincaide to continue working on existing cases. The November 1st order continued the show-cause hearing to January 9, 2012 to determine whether the interim restriction should be lifted or remain in place, and the court conducted an additional hearing on April 11, 2012.

While the *Stager* order to show cause was pending, Chapter 7 Trustee Kenneth A. Welt filed a motion on October 18, 2011 in the *Rubio* case entitled "Motion for Disgorgement of Fees and Imposition of Sanctions Against Johnny Kincaide, Esq." The court conducted hearings on November 8, 2011, January 9, 2012, January 24, 2012, and April 11, 2012 regarding this motion. The record contains several hours of testimony from Debtor Nestor Rubio, who can safely be described as incensed with Mr. Kincaide's performance as counsel. Mr. Welt has accused Mr. Kincaide of professional negligence, and in supporting Mr. Welt's motion, Mr. Rubio has accused Mr. Kincaide of lying to this court.

While the *Stager* order to show cause and *Rubio* sanctions motion were pending, the court entered an order on November 9, 2011 in the *Naseer* case which directed Mr. Kincaide to submit a proposed order which he had previously been directed to submit at an October 26, 2011 reinstatement hearing. When Mr. Kincaide did not comply with either the court's October 26th

bench ruling or the written November 9th order, the court entered an order to show cause on December 5, 2011 which directed Mr. Kincaide to appear on January 9, 2012 to explain himself. The court *sua sponte* entered an order reinstating the *Naseer* case on December 8, 2011 to prevent the debtors from being prejudiced by Mr. Kincaide's apparently persistent malpractice. After conducting the initial January 9th show-cause hearing, the court continued the matter to January 24, 2012 and conducted an additional hearing on April 11, 2012.

While the *Stager*, *Rubio*, and *Naseer* matters were pending, the court conducted a Chapter 13 confirmation hearing in the *Isabelle* case on January 9, 2012 at which confirmation was denied. Faced with an unacceptable pattern of neglect by Mr. Kincaide toward his client's cases, the court entered an order in the *Isabelle* case setting a show-cause hearing for January 24, 2012 to determine whether Mr. Kincaide should be required to disgorge fees to debtor Garry M. Isabelle and to determine whether Mr. Kincaide should be suspended from practice in this court. The court conducted an additional hearing on April 11, 2012.

Finally, while the *Stager*, *Rubio*, *Naseer* and *Isabelle* matters were pending, *pro bono* attorney Katherine Jay appeared for Mr. Kincaide's former clients in the *Hamm* and *Fye* cases and filed motions for sanctions against Mr. Kincaide on January 19, 2012. The court conducted preliminary hearings on the sanctions motions on January 24, 2012, continued the matters to February 21, 2012, and conducted a final hearing on April 11, 2012. The *Hamm* and *Fye* debtors accuse Mr. Kincaide of filing bad faith pleadings and bankruptcy petitions. *Pro bono* attorney Katherine Jay argued at the April 11th hearing for an indefinite suspension of Mr. Kincaide's permission to practice in this court.

Overall, the court has conducted hearings in these sanctions matters concerning Mr. Kincaide on the following dates:

- October 12, 2011
- November 1, 2011
- November 8, 2011
- January 9, 2012
- January 24, 2012
- April 11, 2012

The court has considered the oral arguments of the parties, the relevant portions of the court record, and concludes that Mr. Kincaide: (1) has been repeatedly brought to task before this court; (2) has repeatedly explained away the problems with his practice in this court; and (3) has reached the point when apologies and unconvincing explanations are no longer acceptable. Trustee Welt, Standing Chapter 13 Trustee Robin Weiner, and, as represented on the record at the April 11th hearing, Chapter 7 Trustee Sonya Salkin have all expressed support for the imposition of sanctions here. The court need not make a finding that Mr. Kincaide's bankruptcy practice is a mere bad faith extension of his state court foreclosure defense practice because Mr. Kincaide's abysmal performance record in this court and failure to take any meaningful substantive remedial action is sufficient to temporarily bar him from practice here. It is accordingly ORDERED that Johnny Kincaide, Esq. is suspended from practice in the United States Bankruptcy Court, Southern District of Florida, effective immediately. Mr. Kincaide is directed, to the extent not already disgorged, to disgorge all fees received in connection with each of these six cases and file *detailed* certifications of compliance in each of these six cases within twenty-eight days. Mr. Kincaide may apply for readmission in this court no earlier than April 27, 2013 by filing a motion in the above-styled *Stager* case, paying the required reopen fee, and demonstrating competence to practice in this court.

**SO ORDERED.**

# # #

*The Clerk of Court is directed to provide copies of this order to all registered interested parties.*